UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

BRANDON JACKSON,

Defendant.

21-CR-247-05 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On February 2, 2023, defendant Brandon Jackson was sentenced principally to a term of imprisonment of 33 months. Dkt. 235.

On February 14, 2024, defense counsel moved for a reduction of Jackson's sentence to 27 months imprisonment, pursuant to Amendment 821 of the Sentencing Guidelines, Dkt. 288, having been reappointed by the Court for this purpose, Dkt. 284. On February 21, 2024, the Government filed a letter, agreeing that Jackson is eligible for, but opposing, a sentence reduction. Dkt. 289. The Probation Department has determined that Jackson is eligible for a sentence reduction. Dkt. 282.

All parties thus agree that Jackson is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his offense level, which at sentencing was level 20, is now level 18; that his Criminal History Category remains level I; and that his Guidelines range on Count Five would today be 27–33 months' imprisonment, rather than 33–41 months, the range calculated at the time of sentencing. The Court adopts the above calculations and finds Jackson eligible for a reduction of sentence to no lower than 27 months' imprisonment.

1

The Court has reviewed the record in this case, including its detailed assessment at the time of sentencing of the just and reasonable sentence, and counsel's recent submissions, and the letter attachments to the defense submission. After considered attention, the Court declines to reduce Jackson's sentence based on Amendment 821. That is so for two broad reasons.

First, the Guideline range did not play a meaningful role in the Court's assessment of the just and reasonable sentence. More important were the 18 U.S.C. § 3553(a) factors and assuring that Jackson's sentence was properly situated relative to those of his co-defendants, in light of how the § 3553(a) factors applied to each. The Court found a 33-month sentence for Jackson to properly balance the § 3553(a) factors, and to be necessary to reflect the gravity of his offense, a conspiracy to defraud a federal relief program during the COVID-19 pandemic of millions of dollars. The Court further found such a sentence necessary to situate Jackson's sentence relative to his co-defendants. *See* Dkt. 248 ("Sent. Tr.") at 47–64. The Court's assessment of the just and reasonable sentence today remains the same as at sentencing.

Second, the rationale behind Amendment 821 does not persuasively apply to Jackson. Under the pertinent portion of that Amendment, Jackson's offense level drops by 2 levels because he had zero criminal history points; the Amendment's premise is that, relative to offenders within Criminal History Category I who had one criminal history point, offenders with zero criminal history points pose a lesser risk of recidivism. However, unlike many if not most defendants who have zero criminal history points, Jackson had had several brushes with the criminal justice system before the instant offense. As the sentencing transcript reflects, these influenced the Court's assessment at sentencing that there was a meaningful interest in specifically deterring Jackson. *See id.* at 53–54. Also influencing that conclusion were Jackson's non-compliance with various requirements of pretrial supervision. *See id.* at 54–55.

These aspects of Jackson's history do not make him a logical beneficiary of the zero-criminal-history points component of Amendment 821. *Cf., e.g., United States v. Jordan*, No. 20 CR. 30044 (SMY), 2024 WL 198989, at *1 (S.D. Ill. Jan. 18, 2024) (denying sentence reduction under Amendment 821 for eligible defendant because defendant "ha[d] multiple disciplinary infractions while in BOP custody" and this "disciplinary record demonstrates that the original sentence imposed is warranted to deter future criminal conduct and promote a respect for the law"); *United States v. Ramsey*, No. 19 CR. 00282, 2024 WL 436353, at *2 (S.D.W. Va. Feb. 5, 2024) (denying sentence reduction under Amendment 821 because of defendant's disciplinary infractions while in custody which "reflect a lack of deterrence and lack of respect for the law); *United States v. Brown*, No. 18 CR. 30028 (SMY), 2024 WL 198986, at *1 (S.D. Ill. Jan. 18, 2024) (denying sentence reduction under Amendment 821 in part because of defendant's disciplinary infractions while in BOP custody).

The Court accordingly declines to modify Jackson's sentence. The 33-month sentence, the Court notes, remains a Guidelines sentence.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: February 26, 2024
       New York, New York

3